IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Ronnie Williams, *P.O. Box 1038, Aiken, SC 29802*,<br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Wal Mart Stores, *c/o Mendelson, GSO 2301 McGee St., 8th Floor, Kansas City, MO 64108*; David Zilenski, *Store Manager*; William Joey, *Shift Lead Manager*; Delinda Butler, *Shift Lead Manager*; Michael Adams, *Asst. Manager No. 4487*,<br><br>　　　　　　Defendants. | Civil Action No.: 1:17-cv-00734-JMC<br><br>**ORDER** |

Plaintiff Ronnie Williams, proceeding *pro se*, filed an employment discrimination Complaint pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.* (ECF No. 1.)

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02, the matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial handling. On May 19, 2017, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the court summarily dismiss Plaintiff's Complaint as to Defendants David Zilenski, William Joey, Delinda Butler, and Michael Adams without issuance and service of process because these individuals are not "employers" pursuant to Title VII or the ADEA. (ECF No. 13 at 3.) This review considers Plaintiff's Objection to Report and Recommendation ("Objections"), filed on May 25, 2017. (ECF No. 18.) For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report. The court thereby summarily **DISMISSES** Plaintiff's Amended

1

Complaint (ECF No. 9) as to Defendants David Zilenski, William Joey, Delinda Butler, and Michael Adams without issuance and service of process.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts viewed in the light most favorable to Plaintiff are discussed in the Report. (*See* ECF No. 13.) The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual summation is accurate and incorporates it by reference. The court will only recite herein facts pertinent to the analysis of Plaintiff's Objections.

On March 17, 2017, Plaintiff, who is African American, alleges the named Defendants in his Complaint discriminated against him based on his age, race, and color. (ECF No. 1 at 5.) On April 19, 2017, Plaintiff filed an Amended Complaint for employment discrimination and retaliation claim pursuant to Title VII and the ADEA. (ECF No. 9 at 5.) Plaintiff further alleges that he was terminated in retaliation for informing his employer's ethics office about its discriminatory actions. (*Id*.) On May 19, 2017, the Magistrate Judge issued an Order authorizing the issuance and service of process of Plaintiff's Amended Complaint on Defendants. (ECF Nos. 14, 32.) In this Order, the Magistrate Judge construed Plaintiff's Amended Complaint as raising claims pursuant to Title VII for unlawful termination based on race or color and for unlawful retaliation, as well as claims pursuant to the ADEA for discrimination and retaliation. (ECF No. 32.) The Magistrate Judge further determined that "[n]o other claims are being construed . . . as having been raised by Plaintiff in this action at this time." (*Id*.) Plaintiff did not file any motion or other document regarding the court's construction of the Amended Complaint. (*Id*.)

In the Amended Complaint, Plaintiff indicates that he filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and that he received a Notice of Right to Sue letter, but did not include either document as an attachment to his Amended

Complaint.[1] (ECF No. 9 at 3.) In the Charge of Discrimination, Plaintiff alleges discrimination based on race, color, retaliation, and the Equal Pay Act. (ECF No. 27-3 at 2.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If the plaintiff fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

---

[1] The court observes that Defendants provided the court with a copy of Plaintiff's Charge of Discrimination. (*See* ECF No. 27-3 at 2.)

As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

### III. DISCUSSION

Plaintiff's Objections lack the requisite specificity required by Federal Rule of Civil Procedure 72(b). In his Objections, Plaintiff merely asserts that he made "the ethics department know of the ongoing practices" and its "discrimination of race, color, and age" against him. (ECF No. 18 at 1-2.) Plaintiff states that his work environment was very hostile and he was later fired as a result of this action. (*Id.*) Because Plaintiff failed to properly object to the Report with specificity, the court does not need to conduct a *de novo* review and instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond,* 416 F.3d at 315. The court does not find clear error and accepts the Report by the Magistrate Judge.

### IV. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report and Recommendation of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Report and Recommendation of the Magistrate Judge (ECF No. 13). It is therefore ordered that Plaintiff's Amended Complaint (ECF No. 9) as to Defendants David Zilenski, William Joey, Delinda Butler, and Michael Adams is summarily **DISMISSED** without issuance and service of process.

**IT IS SO ORDERED.**

_____
United States District Judge

December 21, 2017
Columbia, South Carolina