UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Ronnie Williams, | ) | C/A No. 1:17-cv-00734-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Wal Mart Stores, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Defendant's Motion for Dismiss for Plaintiff's failure to participate in discovery. ECF No. 79. Plaintiff filed a Response in Opposition on February 2, 2018, ECF No. 82, and Defendant filed a Reply, ECF No. 88. In accordance with 28 U.S.C. §636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On April 3, 2018, the Magistrate Judge issued an order directing Plaintiff to cure the deficiencies in his discovery production as identified in Defendant's Reply and to complete a medical authorization form by April 24, 2018. ECF No. 91. Plaintiff completed the medical authorization form but failed to produce any other discovery responses. ECF No. 96. On May 3, 2018, the Magistrate Judge issued a Report recommending that the Motion be granted and this action be dismissed. ECF No. 99. Plaintiff filed objections to the Report.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The

Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* U.S.C. 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

In his objections, Plaintiff states that he has done all that has been asked of him by the Defendant and the Court. ECF No. 102. He further states that this case need to be heard in Court. *Id*. After a de novo review of the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court agrees with the Report's recommendation that Defendant's Motion should be granted. Despite his contention that he has fully complied with the requests of Defendant and the Court, it appears that Plaintiff has never fully responded to Defendant's discovery requests, despite having nine months and four opportunities to do so. Thus, for the reasons articulated in the Report the Court

finds that dismissal is appropriate pursuant to Rules 37[1] and 41(b)[2] of the Federal Rules

of Civil Procedure.

Accordingly, the Court adopts and incorporates the Report by reference in this

Order.  Defendant's Motion to Dismiss is **GRANTED**.


IT IS SO ORDERED.

s/Donald C. Coggins, Jr.
United States District Judge

July 2, 2018
Spartanburg, South Carolina

---

[1]In considering whether to impose sanctions under Rule 37 of the Federal Rules of Civil Procedure, a court should consider "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions."  *Mut. Fed. Sav. & Loan Ass'n v. Richard & Assocs. Inc.*, 872 F.2d 88, 92 (4th Cir. 1989).

[2] In considering whether to dismiss an action under Rule 41(b) of the Federal Rules of Civil Procedure, a court is required to apply four factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant due to the delay; (3) the history of the plaintiff in proceeding in a dilatory manner; and (4) the effectiveness of sanctions less drastic than dismissal.  *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978).